# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 4:24-CR-001

JOHN ANTHONY CASTRO

## WRIT OF ERROR CORAM NOBIS and
## MOTION TO MODIFY THE CONDITIONS OF SUPERVISED RELEASE

Pursuant to 18 U.S.C. 3583(e)(2), Defendant John Anthony Castro, pro se, moves this Court to correct an error of law in its Judgment. First, contrary to the false assertions by the government, this Court retains plenary jurisdiction to modify the conditions of supervised release pursuant to 18 U.S.C. 3583(e)(2). Moreover, the Court has the power pursuant to a Writ of Error Coram Nobis to correct a fatal legal defect in the Judgment, which is the unlawful awarding of restitution.

To summarize, the Fifth Circuit precedent (1999 Dahlstrom, 2005 Miller, 2008 Nolen, 2017 Westbrooks) permitting the application of restitution in Title 26 cases was abrogated by material statutory amendments to 18 U.S.C. 3583(d) that no longer permit the application of restitution in Title 26 cases. In other words, the statutory analysis of the 1999 version of 18 U.S.C. 3583(d) permitted restitution in Title 26 cases, but the

2024 version of 18 U.S.C. 3583(d) did not permit the application of restitution in Title 26 cases. The intervening inclusion of the three requirements at 18 U.S.C. 3583(d)(1)-(3) no longer permit the application of restitution in Title 26 cases. Please read the legal analysis below.

I. CONGRESS DID NOT GIVE THE FEDERAL JUDICIARY A BLANK CHECK ON SUPERVISED RELEASE CONDITIONS

Under 18 U.S.C. 3583, Congress granted the federal judiciary specified powers to set certain conditions of probation. Under subsection (d) of Section 3583, it granted the federal judiciary the power to impose customized Rehabilitative Conditions that satisfy three statutorily enumerated requirements at Section 3583(d)(1)-(3); one of which was that the Rehabilitative Condition had to be "reasonably related" to the policy objectives of Section 3553(a)(2)(D), which focuses on the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment."

We shall call these the "Customized Rehabilitative Conditions."

II. FEDERAL LAW LIMITS DISCRETIONARY CONDITIONS TO CUSTOMIZED REHABILITATIVE CONDITIONS

More specifically, under 18 U.S.C. 3583(d)(1), a district "court may order, as a further condition of supervised release, to the extent that such condition is reasonably related to the factors set forth in section 3553... (a)(2)(D)... any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate."

The problem is that the federal judiciary has ignored the statutory requirement at Section 3583(d)(1) that the condition be "reasonably related" to rehabilitation under Section 3553(a)(2)(D) and have instead focused solely on whether the condition is permissible under Section 3563(b).

Ignoring the statutory requirement that the condition be tied to rehabilitation under Section 3553(a)(2)(D), the Courts focused only on Section 3563(b)(2)'s statement that the "court may provide... that the defendant... make restitution to a victim... not subject to the limitations of Section 3663(a)."

Distracted by this seeming loophole that removes the limits of Section 3663(a), the federal judiciary used this to claim that restitution could be applied in Title 26 cases while ignoring the three expressly enumerated statutory requirements under Section 3583(d)(1)-(3) that the condition be "reasonably related" to a defendant's rehabilitative needs as defined at Section 3553(a)(2)(D).

## III. RESTITUTION IS UNRELATED TO REHABILITATIVE EFFORTS

Restitution is not "reasonable related" to Defendant's need for "education or vocational training, medical care, or other correctional treatment."

Because restitution is not reasonably related to any rehabilitative needs of Defendant, it is not an appropriate condition under 18 U.S.C. 3583(d)(1).

As such, the Order of Restitution is invalid as a matter of law.

## IV. FIFTH CIRCUIT PRECEDENT FAILED TO ACCOUNT FOR STATUTORY CHANGES TO 18 USC 3583(d)

The genesis of this issue was the Fifth Circuit's proper ruling in U.S. v. Dahlstrom when the Fifth Circuit analyzed the 1999 version of 18 U.S.C. 3583(d) that then read "the court may order, as a further condition of supervised release, 'any condition set forth as discretionary condition of probation in 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.'" 180 F.3d 677, 686 (5th Cir. 1999).

The 1999 version of 18 U.S.C. 3583(d) did not contain the requirement that the conditions had to be "reasonably related" to the rehabilitative factors at 18 U.S.C. 3553(a)(2)(D) by operation of the then-non-existent 18 U.S.C. 3583(d)(1).

After the Dahlstrom case, 18 U.S.C. 3583(d) was amended to require that special conditions had to be "reasonably related" to rehabilitative efforts. See 18 U.S.C. 3583(d)(1)-(3). Nevertheless, the Fifth Circuit continued to cite to Dahlstrom as authority to impose restitution in Title 26 cases in their 2005 Miller, 2008 Nolen, and 2017 Westbrooks decisions. See U.S. v. Miller, 406 F.3d 323 (5th Cir. 2005); U.S. v. Nolen, 523 F.3d 331 (5th Cir. 2008); U.S. v. Westbrooks, 858 F.3d 317 (5th Cir. 2017).

Nevertheless, this is not the Fifth Circuit's fault. Litigants over the past two decades simply failed to account for how the statutory change to 18 U.S.C. 3583(d) impacted the Fifth Circuit's statutory analysis in Dahlstrom. The Fifth Circuit is not obliged to make legal arguments for litigants. No appellate attorney in the past two decades was diligent enough to compare the statutory framework as it existed in 1999 to the current version to realize that material changes warranted revisiting the statutory analysis in Dahlstrom.

Congress closed the loophole that the judiciary previously used to apply restitution in Title 26 cases.

## V. THE LAW ON WRITS OF ERROR CORAM NOBIS

Although the Federal Rules of Civil Procedure abolished the Writ of Coram Nobis via Fed. R. Civ. P. 60(e), the U.S. Supreme Court has since held in U.S. v. Morgan, 345 U.S. 502, 506-13 (1954), that federal courts are authorized to issue the writ to correct criminal judgments.

Coram Nobis has a limited use: to fix fundamental errors of law or fact. See Murray v. U.S., 704 F.3d 23, 28 (1st Cir. 213). It is an extraordinary remedy, which is available "only under circumstances compelling such action to achieve justice." Id. (quoting Moran, 346 U.S. at 511). The purpose of Coram Nobis is "to correct errors of the most fundamental character; that is. such as render the proceeding itself irregular or invalid." Id. (quoting U.S. v. Mayer, 235 U.S. 55 (1914)).

## VI. THE COURT MUST CURE THIS ERROR OF LAW

The issuance of an Order of Restitution under no longer valid case law that has been effectively abrogated by statutory changes to 18 U.S.C. 3583(d) is a fundamental error rendering the Order of Restitution illegal.

An illegal order is always reversible plain error.

VII. RELIEF

Defendant moves this Court to exercise its plenary jurisdiction to modify the conditions of supervised release by removing the requirement that restitution be paid. Moreover, Defendant moves this Court for a Writ of Error Coram Nobis reducing the amount of restitution to zero dollars ($0) thereby rendering effectively null and void or to simply remove the Order of Restitution from the Judgment entirely.

Nothing in this motion should be construed as a motion under 28 U.S.C. 2255, and Defendant reminds the Court of its obligation to notify a defendant prior to recharacterizing any motion as one brought under 28 U.S.C. 2255. Enough injustice has been done.

Through Christ Who Strengthens Me,

John Anthony Castro

Defendant, Pro Se

Prisoner Number 93890-510

FCI Oakdale I

P.O. Box 5000

Oakdale, LA  71463

## CERTIFICATE OF SERVICE

On March 11, 2025, I filed the WRIT OF ERROR CORAM NOBIS AND MOTION TO MODIFY THE CONDITIONS OF SUPERVISED RELEASE with the district clerk for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure (a)(3)(b).

Respectfully submitted,

John Anthony Castro
Defendant, Pro Se
Prisoner Number 93890-510
P.O. Box 5000
Oakdale, LA 71463

John Anthony Castro
Prisoner Number 93890-510
FCI Oakdale I
1507 East Whatley Road
Oakdale, LA 71463
Pro Se Defendant
Email: j.castro@johncastro.com

## UNITED STATES DISRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FOR WORTH DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Case No.: 4:24-CR-001 |
| Plaintiff(s), | ) |
| | ) PROPOSED ORDER FOR WRIT OF |
| v. | ) ERROR CORAM NOBIS AND MOTION |
| JOHN ANTHONY CASTRO | ) TO MODIFY THE CONDITIONS OF |
| Defendant(s). | ) SUPERVISED RELEASE |
| | ) |

### PROPOSED ORDER

Upon consideration of Defendant's Motion for 'WRIT OF ERROR CORAM NOBIS AND MOTION TO MODIFY THE CONDITIONS OF SUPERVISED RELEASE,' and Defendant's opposition, it is hereby ORDERED that Defendant's motion is GRANTED/ NOT GRANTED

So ordered on this _____ day of March, 2025.

_____

TERRY R MEANS
United States District Court